United States District Court
Southern District of Texas
**ENTERED**
March 27, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH EDWARD NOLLIE,<br>TDCJ # 02081490, | § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:25-0049 |
| ERIC GUERRERO, | § § | |
| Respondent. | § § | |

### MEMORANDUM OPINION AND ORDER

Petitioner Keith Edward Nollie, an inmate in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and proceeds *pro se*. In April 2025, the respondent filed a motion to dismiss Nollie's petition (Dkt. 21) and a copy of the state court records (Dkt. 22). Nollie filed two motions to appoint counsel (Dkt. 28; Dkt. 31), but has not responded to the motion to dismiss. After considering the pleadings and filings, the applicable law, and all matters of record, the Court will **grant** the motion to dismiss for the reasons explained below.

### I.     BACKGROUND

Nollie pleaded guilty to aggravated robbery with a deadly weapon, enhanced, in Cause No. 1468524, 180th District Court of Harris County. On August 4, 2016, the court entered judgment and sentenced him to 25 years in TDCJ, as agreed in a written plea agreement (Dkt. 1, at 1; Dkt. 22-9, at 50-51 (judgment); *id*., at 35-36 (plea agreement)).

Nollie waived his right to appeal (*id*. at 45).

On April 13, 2021, Nollie filed an application for state habeas relief. The Court of Criminal Appeals (CCA) dismissed the application on June 14, 2023, for noncompliance under Texas Rule of Appellate Procedure 73.1 (WR-94,852-01). *See* Dkt. 22-1, at 4-22 (application); Dkt. 22-2 (dismissal). He filed a second application on October 12, 2023, which the CCA denied without written order on January 24, 2024 (WR-94,852-02). *See* Dkt. 22-9, at 4-22 (application); Dkt. 22-10 (denial). He executed a third application on September 5, 2024, and the CCA dismissed as subsequent (WR-94,852-03). *See* Dkt. 22-16, at 5-23 (application); Dkt. 22-17 (dismissal as subsequent).

Nollie executed his federal habeas petition on October 21, 2024, and states that he placed it in the prison mailing system the same day (Dkt. 1, at 15). The petition was docketed with the Court on January 2, 2025. He brings four claims for relief: (1) his trial counsel was constitutionally ineffective because he was not licensed to represent a mentally ill inmate; (2) his state habeas counsel was constitutionally ineffective and violated his due process rights because they did not adequately communicate with him; (3) the state habeas judge abused his discretion when he failed to appoint new counsel to represent Nollie; and (4) his trial counsel was ineffective and his guilty plea was not voluntary because counsel did not inform him of a critical element of the offense and failed to recognize his diminished mental capacity (*id*. at 5-11). As relief for his claims, he seeks exoneration (*id*. at 15).

The respondent filed a motion to dismiss and argues that Nollie's claims are barred by the statute of limitations and that two claims are not cognizable on federal habeas

review.

## II.  DISCUSSION

Federal courts do not hold *pro se* habeas petitions "to the same stringent and rigorous standards as . . . pleadings filed by lawyers." *Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) (cleaned up).  "The filings of a federal habeas petitioner who is proceeding *pro se* are entitled to the benefit of liberal construction." *Id.*

Claims 2 and 3 in Nollie's petition assert his right to effective counsel and the counsel of his choice in state habeas proceedings (Dkt. 1, at 7-9).  However, "alleged infirmities in state habeas proceedings are not grounds for federal habeas relief." *Haynes v. Quarterman*, 526 F.3d 189, 195 (5th Cir. 2008) (cleaned up); *see Harris v. Lumpkin*, 756 F. Supp. 3d 249, 296-97 (N.D. Tex. 2024) (collecting cases). Claims 2 and 3 therefore will be dismissed because they are not cognizable on federal habeas.

In any event, Nollie's claims are time-barred.  Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the petition is subject to a one-year limitations period. The limitations period runs from the "latest of" four accrual dates:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The time period during which a "properly filed application for State post-conviction or other collateral review" is pending is not counted toward the limitation period.  *Id*. § 2244(d)(2).

Nollie challenges a judgment entered on August 4, 2016.  Because he did not file an appeal, his conviction became final on Tuesday, September 6, 2016, when the 30-day period to file an appeal expired. *See* TEX. R. APP. P. 26.2(a)(1); *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008).[1] His limitations period under § 2244(d)(1)(A) therefore ended one year later, on Wednesday, September 6, 2017.  His federal petition, executed on October 21, 2024, is over seven years late and time-barred unless a statutory or equitable exception applies.  Nollie did not answer the question on the form habeas petition about the timeliness of his filing (Dkt. 1, at 13-14) and did not respond to the pending motion to dismiss.  He thus asserts no basis for an exception.

Nollie's three state habeas applications did not toll the limitations period under the statutory tolling provision of 28 U.S.C. § 2244(d)(2) because, at the time he filed them in 2021, 2023, and 2024, the AEDPA limitations period already had expired.  *See Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013).  Additionally, he does not demonstrate the applicability of any provisions in § 2244(d)(1) that might warrant a later accrual date

---

[1]     Nollie's 30-day period to appeal ran until Saturday, September 3, 2016.  Because Monday, September 5 was a holiday, the deadline was automatically extended to Tuesday, September 6, 2016.  TEX. R. APP. P. 4.1(a).

because he does not identify a state-created impediment to filing for habeas relief, a constitutional right newly recognized and made retroactive by the Supreme Court, or a recently discovered factual predicate for his claims. Therefore, no statutory exception renders his petition timely.

Finally, Nollie does not invoke the equitable tolling doctrine. The record before the Court does not indicate that he diligently pursued his rights or that an extraordinary circumstance prevented him from filing his federal habeas petition before the limitations period ended. *See Holland v. Fla.*, 560 U.S. 631, 649 (2010) (equitable tolling of AEDPA's limitations period is appropriate only if a petitioner shows that "he has been pursuing his rights diligently" and that "some extraordinary circumstance stood in his way"); *Mathis v. Thaler*, 616 F.3d 461, 475 (5th Cir. 2010). In addition, he has not demonstrated the existence of a claim for which "strict application of the statute of limitations would be inequitable." *See In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (cleaned up). Therefore, equitable tolling of the limitations period is not warranted.

Because Nollie's petition is time-barred, the Court may not address his claims. The respondent's motion to dismiss will be granted.

Nollie's motions for appointed counsel (Dkt. 28; Dkt. 31) will be denied for the reasons stated in the Court's prior order denying the same relief (*see* Dkt. 5) and as moot.

## III.   CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district

court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (cleaned up). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484; *see Pierre v. Hooper*, 51 F.4th 135, 137 (5th Cir. 2022) (a certificate of appealability may not issue based solely on a debatable procedural ruling).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the record and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

6 / 7

## IV.    CONCLUSION

For the reasons stated above the Court **ORDERS** as follows:

1.    The respondent's motion to dismiss (Dkt. 21) is **GRANTED**.

2.    Nollie's habeas claims are **DISMISSED** as time-barred.

3.    Nollie's motions for appointed counsel (Dkt. 28; Dkt. 31) are **DENIED**.

4.    All other pending motions, if any, are **DENIED as moot**.

5.    A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on ___March 27_____, 2026.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

7 / 7